# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ERIC LANE TYLER, JOANN LUCYLLE TYLER | § § § | |
| v. | § § § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF THE CERTIFICATE HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2003-NC10 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-NC10, AS SUCCESSOR-IN-INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION; AND SELECT PORTFOLIO SERVICING INC, AS SUCCESSOR-IN-INTEREST TO BNAK OF AMERICA, NATIONAL ASSOCIATION | § § § § § § § § § § § § § § § § § | Civil Action No. 4:16-CV-00088 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Leave to File Defendants' Supplemental Answer to Plaintiffs' Second Amended Complaint (Dkt. #31). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

## BACKGROUND

On June 27, 2003, Plaintiffs obtained a home equity loan from New Century Mortgage Corporation. Plaintiffs allege that the property securing said home equity loan was designated as agricultural property for tax purposes. Plaintiffs allege that they discovered the home equity loan violated the Texas Constitution when they attempted to refinance the home equity loan with a new lender. As a result, Plaintiffs allege that above-described home equity loan and the lien that secures it, both of which have been assigned to Defendant, are invalid.

The current numbered and styled case began on February 1, 2016, when the Court entered an order severing actions against Bank of America (who no longer hold the note) and against Deutsche Bank National Trust Company (the current holder) (Dkt. #1). On February 2, 2016, Plaintiffs filed their Second Amended Complaint (Dkt. #2). On the same day, Defendants filed their Answer to Plaintiffs' Second Amended Complaint (Dkt. #3). On February 22, 2016, Defendants filed their First Amended Answer (Dkt. #6). On April 12, 2016, the Court entered a scheduling order (Dkt. #11). The scheduling order set a deadline of July 5, 2016, and July 19, 2016, for Plaintiffs and Defendants, respectively, to file amended pleadings. A bench trial in this case is set for September 14 and 15, 2017 (Dkt. #36).

On July 19, 2017, Defendants filed their Motion for Leave to File Defendants' Supplemental Answer (Dkt. #31). On July 21, 2017, the Court held a pretrial conference. On August 2, 2017, Plaintiffs filed a response (Dkt. #38).

**LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). After a responsive pleading is served, a party "may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within

the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bas faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

Defendants argue that their amendment should be allowed because they are entitled to equitable subrogation, a right that is paramount to their defense; because Plaintiffs have known the underlying facts since July 2003; and because all exhibits have already been disclosed. Plaintiffs argue that the amendment is too late because it came a year after the deadline and only days before pretrial conference. Plaintiffs further argue that although they may have been aware of the factual basis of Defendants' equitable subrogation claim, they have objected to its supporting evidence and crafted a trial strategy based on the previous pleadings.

The Court finds that the motion for leave should be denied due to undue delay, failure to cure deficiencies by previous amendments, and undue prejudice.

Defendants directly address only the undue delay factor. Defendants argument in whole states: "Defendants' Supplemental Answer will not cause undue delay because all exhibits and evidence Defendants may use to support their right to equitable subrogation has already been disclosed in the Parties' Joint Final Pre-Trial Order" (Dkt. #31 at p. 2). Plaintiffs argue that this argument is insufficient to support amendment because although Plaintiffs may have been aware of the underlying facts, Plaintiffs have not adequately prepared for such a defense based on its absence from the pleadings. Further, the pretrial order was filed only five days before the motion

for leave, and Plaintiffs have since objected to all of the documents supporting the equitable subrogation defense. The Court agrees with Plaintiffs.

First, Defendants' unduly delayed filing this motion for leave. Although Rule 15(a) does not impose a time limit for permissive amendment, at some point, delay can be procedurally fatal to a claim. *Whitaker v. City of Hous.*, 963 F.2d 831, 836 (5th Cir. 1992). In such a situation, the party seeking leave bears the burden of showing the delay was "due to oversight, inadvertence, or excusable neglect." *Smith*, 393 F.3d at 595 (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)). Defendants have not given any explanation for the delay. Defendants seek to amend their answer nearly eighteen months after their first amendment and one year after the deadline to amend. When asked at the pretrial conference whether Defendants also knew about the facts giving rise to equitable subrogation, Defendants did not provide an explanation except to say that they have new counsel. Because Defendants could not articulate a reason for delaying an entire year, the Court finds this factor weighs strongly against amendment. *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 357 (5th Cir. 2016) (holding court did not abuse discretion in prohibiting amendment when the motion for leave did not explain a reason for the delay and was filed after the deadline, two amendments, and a year of litigation)

Similarly, Defendants failed to cure any deficiencies by prior amendment. Defendants amended their answer in February 2016, but did not include a claim for equitable subrogation. Now, Defendants argue that they should be allowed to assert equitable subrogation because it is essential to their defense. As Plaintiffs point out, Defendants argument cuts against amendment. If equitable subrogation was essential to their defense, Defendants should have added a claim in before the July 2016 deadline. Defendants have not explained why they could not have asserted this claim earlier. Therefore, the Court finds this factor weighs against amendment.

4

Finally, Plaintiffs would be unduly prejudiced by amendment on the eve of trial. This case has been pending for eighteen months. Amended pleadings and dispositive motions were due in July 2016. Defendants did not assert equitable subrogation in their original or amended answer and did not file a motion for summary judgment. One week before the pretrial conference, Plaintiffs objected to any claim of equitable subrogation by Defendants. This was the first time equitable subrogation was mentioned in a paper with the Court. Defendants then filed this motion for leave to amend just two days before the pretrial conference. The parties are now one month away from trial. Plaintiffs have prepared for a substantial amount of time in reliance on no claim for equitable subrogation and are now on the eve of trial. To force them to prepare a defense different from the one that was before the court with just one month until trial would be unduly prejudicial to Plaintiffs. *Smith*, 393 F.3d at 596 (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). Thus, this factor weighs strongly against amendment.

Aware of the fact that the Court should not simply count the factors, the Court finds that the factors provide "substantial reason" to deny Defendants' request for leave to amend considering the delay and potential prejudice to Plaintiffs. *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) (citing *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982)).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Leave to File Defendants' Supplemental Answer to Plaintiffs' Second Amended Complaint (Dkt. #31) is hereby **DENIED**.

**SIGNED this 16th day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE